United States Bankruptcy Court

Middle District of Pennsylvania

In re:

Carlos R Matos Cuevas
    Debtor

Case No. 26-00740-MJC

Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5      User: AutoDocke      Page 1 of 2

Date Rcvd: May 04, 2026      Form ID: pdf002      Total Noticed: 17

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 06, 2026:**

| Recip ID | | Recipient Name and Address |
| --- | --- | --- |
| db | + | Carlos R Matos Cuevas, 638 Harrison Street, Hazleton, PA 18201-4634 |
| cr | + | Hazleton City Authority, 400 E. Arthur Gardner Parkway, Hazleton, PA 18201, UNITED STATES 18201-7395 |
| 5788986 | + | Cindy Paulino, 638 Harrison St, Hazleton, PA 18201-4634 |
| 5788988 | | Hazleton City Authority, 400 E. Arthur Gardner Pkwy, Hazleton, PA 18201-7395 |
| 5788991 | #+ | McCabe, Weisberg & Conway, LLC, 1420 Walnut Street, Suite 1501, Philadelphia, PA 19102-4015 |
| 5788992 | | Mission Lane Credit Card, Attn: Bankruptcy, 200 14th Ave E, Sartell, MN 56377-4500 |
| 5788994 | + | The Slusser Law Firm, Attn: Christopher B. Slusser, 1620 North Church Street, Suite 1, Hazleton, PA 18202-9509 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
| --- | --- | --- | --- | --- |
| cr | + | Email/Text: enotifications@santanderconsumerusa.com | May 04 2026 19:00:00 | Santander Bank, N.A., as servicer for Santander Co, P.O. Box 961245, P.O. Box 961245, P.O. Box 961245, Fort Worth, TX 76161, UNITED STATES 76161-0244 |
| 5788985 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | May 04 2026 19:04:33 | Capital One, PO Box 30285, Salt Lake City, UT 84130-0285 |
| 5793529 | ^ | MEBN | May 04 2026 18:55:36 | Citizens Bank, N.A., 10561 Telegraph Rd, Glen Allen, VA 23059-4577 |
| 5788987 | ^ | MEBN | May 04 2026 18:56:09 | Citizens One, Attn: Bankruptcy, CCO Mortgage Corp. 10561 Telegraph Rd, Glen Allen, VA 23059-4577 |
| 5789909 | | Email/Text: JCAP_BNC_Notices@jcap.com | May 04 2026 19:00:00 | Jefferson Capital Systems, LLC, PO BOX 7999, SAINT CLOUD, MN 56302-9617 |
| 5788989 | + | Email/Text: JCAP_BNC_Notices@jcap.com | May 04 2026 19:00:00 | Jefferson Capital Systems, 200 14th Ave East, Sartell, MN 56377-4500 |
| 5788990 | | Email/PDF: Citi.BNC.Correspondence@citi.com | May 04 2026 19:14:51 | Macys/CBNA, Attn: Bankruptcy, 9111 Duke Blvd, Mason, OH 45040-8999 |
| 5794149 | + | Email/Text: enotifications@santanderconsumerusa.com | May 04 2026 19:00:00 | SANTANDER CONSUMER USA Inc., P.O. Box 560284, Dallas, TX 75356-0284 |
| 5788993 | | Email/Text: enotifications@santanderconsumerusa.com | May 04 2026 19:00:00 | Santander Bank, Santander Consumer USA Inc., Attn: Bankr, PO Box 961245, Fort Worth, TX 76161-0244 |
| 5788995 | | Email/Text: bkrcy@ugi.com | May 04 2026 19:00:00 | UGI Utilites, PO Box 13009, Reading, PA 19612-3009 |

TOTAL: 10

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5793900 | *+ | Citizens Bank, N.A., 10561 Telegraph Rd, Glen Allen, VA 23059-4577 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2026          Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 4, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew M. Lubin | on behalf of Creditor Citizens Bank  N.A. nj-ecfmail@mwc-law.com |
| Carlo Sabatini | on behalf of Debtor 1 Carlos R Matos Cuevas usbkct@bankruptcypa.com kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptcypa.com;sabatini.carlob107053@notify-prod.bestcase.com;ashley.bankruptcypa.com@recap.email |
| Christopher B Slusser | on behalf of Creditor Hazleton City Authority chriss@slusserlawfirm.com  lisab@slusserlawfirm.com |
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |
| William E. Craig | on behalf of Creditor Santander Bank  N.A., as servicer for Santander Consumer USA Inc. wcraig@egalawfirm.com, mortoncraigecf@gmail.com |

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE
Carlos Rafael Matos Cuevas

| CHAPTER 13

CASE NO.

__X__ ORIGINAL PLAN
____ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
__0__ Number of Motions to Avoid Liens
__0__ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.  **PLAN FUNDING AND LENGTH OF PLAN.**

    A.  **Plan Payments From Future Income**

    1.  To date, the Debtor paid ____$0.00____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is __$60,280.20__ , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2026 | 04/2029 | $1,674.45 | $0.00 | $1,674.45 | $60,280.20 |
| | | | | Total Payments: | $60,280.20 |

    2.  If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: __X__ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is __$165,718.55__ . (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__x__ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions. Check one.**

____ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

__X__ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Hazleton City Authority - See § 9 | 0001 | $200.00 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

__X__ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Citizens Bank | 638 Harrison Street, Hazleton, PA 18201 | 4479 |

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence**. *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

 X  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Citizens Bank | 638 Harrison Street, Hazleton, PA 18201 | $26,050.71 | 0 | $26,050.71 |

**D.  Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

 X  None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E.  Secured claims for which a § 506 valuation is applicable.** *Check one.*

 X  None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F.  Surrender of Collateral.** *Check one.*

 X  None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.  Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

 X  None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.  PRIORITY CLAIMS.**

**A.  Administrative Claims**

1.  Trustee's Fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2.  Attorney's fees. Complete only one of the following options:

    a.  In addition to the retainer of _____ already paid by the Debtor, the amount of _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b.  The balance of fees owed to the attorney for the debtor(s) is estimated to be $ less than $5,000 This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3.  Other.  Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

<u>X</u>    None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B.    <u>Priority Claims (including certain Domestic Support Obligations)</u>**

Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**C.    <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).</u>** *Check one of the following two lines.*

<u>X</u>    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.    UNSECURED CLAIMS**

**A.    <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>** *Check one of the following two lines.*

<u>X</u>    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B.    Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

<u>X</u>    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.    VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*       **See § 9.**

___plan confirmation.
___entry of discharge.
___closing of case.

**7.    DISCHARGE: (Check one)**

( x )    The debtor will seek a discharge pursuant to § 1328(a).

(  )    The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.    ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: <u>Pre-Confirmation Distributions listed in ¶ 2.A</u>
Level 2: <u>Debtor's Attorney's Fees in ¶ 3.A.(2)</u>

Level 3: <u>Domestic Support Obligations</u>
Level 4: <u>Amounts listed in ¶ 2.E, pro rata</u>
Level 5: <u>Amounts listed in ¶ 2.C, pro rata. If a claim is filed the allowed amount of the arrearage shall be paid.</u>
Level 6: <u>Amounts listed in ¶ 2.D, pro rata</u>
Level 7: <u>Amounts listed in ¶ 4.A, pro rata</u>
Level 8: <u>Priority amounts of non-Level 3 allowed claims listed in ¶ 3.B, pro rata</u>
Level 9: <u>General unsecured claims</u>

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A. Vesting of Property. Property of the estate vests in the debtor on confirmation, except for: (i) assets listed in Part 1 of Schedule A/B, which vest when the case closes and (ii) any asset that Debtor acquires post-confirmation and discloses on Schedule A/B, which vests upon discharge.

B. This is a 100% plan due to unexempt equity in Debtor's residence.

C. This paragraph is included in the plan pursuant to a post-petition agreement with the Hazleton City Authority ("HCA"). Debtor owes HCA several thousand dollars. Debtor and HCA agreed pre-petition that Debtor would pay HCA $200 per month, and that each monthly payment would be applied first to services for the most recent month, with any funds remaining applied to the outstanding balance. As long as Debtor paid $200 each month, the remaining amounts owed to HCA would not yet be "due." Post-petition, Debtor and HCA have agreed to continue to honor this agreement. The adequate protection payment in § 2.A of $200 per month shall continue for the life of this case. Each month, HCA shall apply the amount received towards any post-petition obligation of the debtor. Any amount remaining each month after the post-petition amount has been paid shall be applied to the pre-petition balance. Any pre-petition balance that remains at the end of the case is a claim "on which the last payment is due after the date on which the final payment under the plan is due" as described in 11 U.S.C. § 1322(b)(5) and is therefore not dischargeable pursuant to 11 U.S.C. § 1328(a)(1).

D. The arrearage amount stated in § 2.C for the claim of Citizen's Bank is an estimate that is based on a reinstatement figure obtained from the creditor. Confirmation of this plan shall not constitute a finding that the full amount of the arrearage is owed. Debtor retains the right to object to the claim even after confirmation.

Dated: <u>April 1, 2026</u>          _____
                                    Attorney for Debtor

                                    _____
                                    Debtor

                                    _____
                                    Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.